UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TIMOTHY ROBINSON,

                Plaintiff,

-against-

KATHLEEN RICE; A.D.A. JOHN OR JANE DOE;
DETECTIVE ANTHONY NIKOLIC #7936;
LT. JAMES J. WALLACE #6777; and
DETECTIVE DAVID JANUSZEWSKI #7857,

                Defendants.
-----------------------------------------------------------x

<u>ORDER OF PARTIAL DISMISSAL</u>
11 CV 0747 (SJF) (AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ AUG 15 2011 ★
LONG ISLAND OFFICE

FEUERSTEIN, United States District Judge:

On February 7, 2011, incarcerated plaintiff Timothy Robinson ("plaintiff") filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below: (1) plaintiff's application to proceed *in forma pauperis* is granted; (2) the claims against defendants Kathleen Rice, the Nassau County District Attorney ("the DA"), and the "John or Jane Doe" Assistant District Attorney ("the ADA") are dismissed with prejudice; and (3) plaintiff's malicious prosecution claim based upon a speedy trial violation is dismissed without prejudice.

I.      Background

Plaintiff alleges that on August 31, 2010, while attending a meeting with his parole officer, he was arrested by defendants, Detectives Anthony Nikolic ("Nikolic") and David Jabuszewski ("Jabuszewski") (collectively, "the detectives"), for a crime allegedly committed on May 28, 2010. (Complaint [Compl.], at ¶ IV). Plaintiff further alleges that on September 1, 2010, he was

1

arraigned on a felony complaint charging him with grand larceny and on September 9, 2010, he was released on his own recognizance pending presentment of the matter for grand jury action. (Id.) On or about October 1, 2010, plaintiff was remanded to custody based upon a parole violation and on November 1, 2010, he was remanded to custody on the grand larceny charges. (Id.)

Plaintiff claims: (1) that he is "still being detained for a charge that should've [sic] been [dismissed] due to not being presented to a grand jury within 45 days as the statue [sic] requires;" (2) that the DA violated his Fourteenth Amendment due process rights due to her "gross negligence in managing other office [sic] and her subordinate A.D.A. John or Jane Doe;" (3) that the ADA "intentionally" and "maliciously" violated his Fourteenth Amendment due process rights by keeping him detained and continuing to prosecute him on an offense that should have been dismissed for failure to present to a grand jury within the forty-five (45) day statutory period; (4) that the detectives "intentionally" and "maliciously" violated his Fourth and Fourteenth Amendment rights by arresting him without an arrest warrant; and (5) that defendant Lieutenant James J. Wallace ("Wallace") "intentionally" and "maliciously" conspired with the detectives to violate his Fourth and Fourteenth Amendment rights by authorizing a felony complaint "so that [he] [could] be arraigned on said complaint without first being issue [sic] an arrest warrant to arrest [him]." (Compl., at p. 5). Plaintiff seeks monetary damages in the amount of twenty million dollars ($20,000,000.00) "for lost wages, mental anguish, humiliation [and] pain and suffering by still being in prison * * *." (Compl., ¶ V).

2

II. Discussion

   A. *In Forma Pauperis* Application

   Plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

   B. The Prison Litigation Reform Act

   Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

   Likewise, the *in forma pauperis* statute requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). See Abbas, 480 F.3d at 639 (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (accord).

3

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

C.  Prosecutorial Immunity

The DA and ADA are entitled to absolute prosecutorial immunity from plaintiff's damages claims. The Second Circuit has held that:

> "Absolute immunity affords 'complete protection from suit,' Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), because it gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities,' Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1987), so that they will not feel 'constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages,' Imbler v. Pachtman, 424 U.S. 409, 424-25, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The doctrine's nature 'is such that it "accords protection from ... any judicial scrutiny of the motive for and reasonableness of official action,"' Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir.2005) (quoting Robinson v. Via, 821 F.2d 913, 918 (2d Cir.1987)), even where the challenged conduct was motivated by a wrongful motive or even malice, Bernard v. County of Suffolk, 356 F.3d 495, 503 (2d Cir.2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985))."

In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95-96 (2d Cir. 2007).

Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking

monetary damages for acts carried out in their prosecutorial capacities. See Imbler, 424 U.S. at 430, 96 S. Ct. 984; Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001). Absolute prosecutorial immunity applies, *inter alia*, when a prosecutor prepares to initiate and pursues a prosecution, see, e.g. Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006), or engages in administrative duties that are directly connected with the conduct of a trial, Van de Kamp v. Goldstein, 555 U.S. 335, 129 S.Ct. 855, 861-2, 172 L.Ed.2d 706 (2009); see also Warney v. Monroe County, 587 F.3d 113 (2009) ("a prosecutor enjoys absolute immunity even when doing an administrative act if the act is done in the performance of an advocacy function.")

Once absolute immunity attaches, it "attaches to [the prosecutor's] function, not the manner in which he performed it. * * * Accordingly, a prosecutor's motivation, and whether preferable alternatives to the actions taken were available, are irrelevant." Parkinson, 238 F.3d at 150 (internal quotations and citations omitted); see also Shmueli, 424 F.3d at 237 (holding that once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive).

Since plaintiff does not allege that the challenged actions of the DA and ADA were undertaken in the complete absence of all jurisdiction, and, notwithstanding plaintiff's conclusory allegation that the DA was "grossly negligent" in the management of her office, the claims against those defendants involve, or relate to, the initiation and prosecution of a criminal action against plaintiff, the DA and ADA are entitled to absolute immunity from plaintiff's claims, which seek only monetary damages. Accordingly, pursuant to 28 U.S.C. §§ 1915(e) and 1915(A)(b), the complaint is dismissed in its entirety with prejudice as against the DA and ADA.

D. Malicious Prosecution Claim

Plaintiff's claim that he is being unlawfully detained upon a state felony charge that was not timely presented to a grand jury under state law does not raise a federal constitutional issue and, in any event, is premature. Although the dismissal of a criminal action based upon a violation of the speedy trial statute, N.Y. Crim. Pro. L. § 30.30, may constitute a favorable termination upon which to base a malicious prosecution claim, see Rogers v. City of Amsterdam, 303 F.3d 155, 160 (2d Cir. 2002); Smith-Hunter v. Harvey, 95 N.Y.2d 191, 196, 712 N.Y.S.2d 438, 734 N.E.2d 750 (N.Y. 2000), plaintiff does not allege that the criminal charge against him has been dismissed based upon a violation of the speedy trial statute, or otherwise. Nor can plaintiff base any malicious prosecution claim upon a "constructive dismissal" of the criminal charge against him, see Rogers, 303 F.3d at 160, since Section 180.85 of the New York Criminal Procedure Law, effective June 7, 2006, provides a specific procedure by which the parties may terminate a prosecution in which the defendant was arraigned by felony complaint and held for grand jury presentment for at least one (1) year subsequent to the arraignment without the matter having been presented to the grand jury. Absent any allegation plausibly suggesting that the criminal action pending against plaintiff in state court was terminated in his favor, based upon a violation of the speedy trial statute or otherwise, plaintiff cannot state a viable claim for malicious prosecution. Accordingly, plaintiff's malicious prosecution claim against the detectives and Wallace is dismissed without prejudice. Plaintiff is granted leave to amend his complaint to re-plead his malicious prosecution claim against the detectives and Wallace **within thirty (30) days from the date the underlying criminal action against him is terminated,** or his malicious prosecution claim will be deemed dismissed with prejudice.

III. Conclusion

6

Accordingly, it is hereby:

ORDERED that plaintiff's application for leave to proceed *in forma pauperis* is granted; and it is further,

ORDERED that plaintiff's claims against defendants Kathleen Rice and "John or Jane Doe" are dismissed in their entirety with prejudice pursuant to 28 U.S.C.§§ 1915(e) and 1915A(b), and no summons shall issue as to those defendants; and it is further,

ORDERED that plaintiff's malicious prosecution claim based upon an alleged speedy trial violation is dismissed without prejudice and with leave to re-plead **within thirty (30) days from the date the underlying criminal action against him is terminated**, or that claim will be deemed dismissed with prejudice; and it is further,

ORDERED that the United States Marshals Service is directed to serve the summonses and complaint upon the remaining defendants, Januszewski, Nikolic and Wallace, without prepayment of fees; and it is further,

ORDERED that a courtesy copy of the summons, complaint, and this order shall be served upon the Nassau County Attorney.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: August 15, 2011
Central Islip, New York

7