UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TIMOTHY ROBINSON,

              Plaintiff,

-against-

DETECTIVE DAVID JANUSZEWSKI, # 7857;
DETECTIVE ANTHONY NIKOLIC, # 7936; and
LT. JAMES J. WALLACE, # 6777,

              Defendants.
-------------------------------------------------------------X

ORDER
11-CV-00747 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  APR 12 2012  ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.    Background

On February 7, 2011, incarcerated *pro se* plaintiff Timothy Robinson ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed *in forma pauperis*. By order entered August 16, 2011, *inter alia*, plaintiff's motion for leave to proceed *in forma pauperis* was granted; plaintiff's claims against Kathleen Rice and the "John and Jane Doe" defendants were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b); and plaintiff's malicious prosecution claim based upon an alleged speedy trial violation was *sua sponte* dismissed without prejudice and with leave to re-plead within thirty (30) days from the date the underlying criminal action against him was terminated.

On August 26, 2011, mail sent to plaintiff by the Clerk of the Court was returned to the Court with the notation that plaintiff had been discharged or moved from the Nassau County Correctional Facility, which was the address on record for plaintiff. Thereafter, defendants advised the Court that plaintiff had been transferred to the Franklin Correctional Facility, and the Court updated its docket accordingly. However, on December 6, 2011, January 17, 2012 and

1

January 20, 2012, mail sent to plaintiff by the Clerk of the Court was returned to the Court with the notation that plaintiff had moved from the Franklin Correctional Facility. Plaintiff has failed to notify the Court of his new address and contact information, or to otherwise communicate with the Court to date.

On February 13, 2012, defendants moved to dismiss this action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In their motion, defendants contend, *inter alia*: (1) that plaintiff has not made any effort to inform them of his current whereabouts or to communicate with them either; and (2) that defense counsel has unsuccessfully attempted to contact plaintiff at his last known civilian address or to otherwise locate him.

As a result of plaintiff's failure to apprise the Court of his current contact information, *inter alia*, the Court has been unable to hold any pretrial conference and defendants have been unable to serve plaintiff with their answer to the complaint, their narrative statement, court orders or any dispositive motion.

II. Discussion

A district court may dismiss a complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for, *inter alia*, failure to prosecute. See Link v. Wabash R. Co., 370 U.S. 626, 629, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Nolan v. Primagency, Inc., 344 Fed. Appx. 693, 693 (2d Cir. Sept. 2, 2009); Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998). In considering whether to dismiss an action for failure to prosecute pursuant to Rule 41(b), courts must consider the following factors, although no one factor is dispositive: (1) the duration of the plaintiff's failures or non-compliance; (2) whether the plaintiff was on notice that the delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by any further delay in the

2

proceedings; (4) whether the court's interest in managing its docket outweighs the plaintiff's interest in receiving an opportunity to be heard; and (5) whether a lesser sanction is available and would be effective. See West v. Goord, 423 Fed. Appx. 66, 68 (2d Cir. May 27, 2011); Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Baffa v. Donaldson, Lufkin & Jenrette Securities Corp., 222 F.3d 52, 63 (2d Cir. 2000).

Moreover, "[t]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."); Plains Marketing, L.P. v. Doniphan Energy, L.L.C., No. 10-cv-2032, 2011 WL 4975544, at * 1 (E.D.N.Y. Oct. 19, 2011) (accord).

A.  Duration

The Second Circuit has found delays of even six (6) to (7) months in prosecuting an action to be sufficient to warrant dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. See, e.g. Brow v. City of New York, 391 Fed. Appx. 935, 936 (2d Cir. Sept. 3, 2010) (finding that a six (6) month delay supported dismissal under Rule 41(b)); Nolan, 344 Fed. Appx. at 694 (recognizing that a six (6) month delay in prosecuting is adequate to support dismissal under Rule 41(b)). Here, plaintiff has not communicated with the Court or taken any steps to prosecute this action for over one (1) year, i.e., since he filed the complaint and motion for leave to proceed *in forma pauperis* on February 7, 2011. The one (1) year duration of plaintiff's failure to prosecute weighs in favor of dismissal. See, e.g. Livecchi v. U.S. Dept. of Housing and Urban

3

Development, 153 Fed. Appx. 16, 17 (2d Cir. Oct. 27, 2005) (finding that the district court did not abuse its discretion in dismissing case for failure to prosecute where, *inter alia*, plaintiff did not pursue his case for over a year and gave no adequate excuse for his inactivity).

B. Notice

Defendants' Rule 41(b) motion, which was served upon plaintiff at his last known civilian address in accordance with Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, provided plaintiff with notice that his failure to prosecute might result in dismissal of this action with prejudice. See, e.g. McCorkle v. Sarter, 04-cv-4500, 2006 WL 2334041, at * 2 (E.D.N.Y. Aug. 9, 2006); Lopez v. Catholic Charities of Archdiocese of New York, No. 00 Civ. 1247, 2001 WL 50896, at * 4 (S.D.N.Y. Jan. 22, 2001); see also Alomar, 2010 WL 451047, at * 2 (finding dismissal pursuant to 41(b) appropriate where, *inter alia*, the Court had attempted to place the plaintiff on notice, but had no means of doing so because it had no current address for the plaintiff and, therefore, "any attempt to further warn plaintiff of her responsibilities and the consequences of her continued failure to prosecute th[e] action would be futile." (quotations, alterations and citation omitted)); Coleman v. Doe, No. 05-CV-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) (finding dismissal for failure to prosecute appropriate even though it was "unlikely" that the plaintiff was aware of a prior order of the court expressly warning him that his case would be dismissed because "actual notice is not a prerequisite of a dismissal under Rule 41.") Accordingly, this factor also weighs in favor of dismissal.

C. Prejudice and Docket Management

Defendants are clearly prejudiced by their inability to contact plaintiff and, indeed, this

4

action cannot proceed at all unless the Court and defense counsel are able to contact plaintiff to, *inter alia*, arrange conferences, obtain discovery, serve motions and schedule trial. See, e.g. United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); Coleman, 2006 WL 2357846, at * 3 ("To require defendants to move forward would be impossible without plaintiff's participation.") Moreover, the Second Circuit has held that when a plaintiff unreasonably delays in prosecuting an action, prejudice to the defendant may be presumed. See Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999); Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Plaintiff has not provided any explanation for his delay in prosecuting this action. Accordingly, defendants have been, and will continue to be, prejudiced by plaintiff's unreasonable delay in prosecuting this action.

In addition, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future.'" Alomar, 2010 WL 451047, at * 2 (quoting Davison v. Grillo, No. 05 CV 4960, 2006 WL 2228999, at * 2 (E.D.N.Y. Aug. 3, 2006)); see also Coleman, 2006 WL 2357846, at * 3 ("[T]he Court is faced with a Hobson's choice: either allow this case to linger in its current dormant state, or hope that plaintiff will reappear in the future. Neither option presents an efficient use of the Court's resources.") Accordingly, both the "prejudice to defendant" and "balancing of the court's interest in managing its docket" factors weigh in favor of dismissal. See, e.g. Beeks v. Reilly, No. 07-CV-3865, 2009 WL 2568531, at * 2 (E.D.N.Y. Aug. 19, 2009) (finding that although the Court was unaware of any specific prejudice to the defendants resulting from the plaintiff's delay, "no sanction less than

dismissal [would] alleviate the prejudice to defendants of continuing to keep [the] action open, and the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases.")

D. Availability of a Lesser Sanction

Although dismissal may be a "harsh remedy" to be exercised sparingly, see Lewis, 564 F.3d at 575-6, no sanction "less draconian than dismissal," Baffa, 222 F.3d at 63, is available or would be effective in this case in light of plaintiff's complete failure to prosecute this action or communicate in any way with the Court for over one (1) year. See, e.g. Alomar, 2010 WL 451047, at * 2 (finding that "no lesser sanction [than dismissal] would be effective, since petitioner would be unaware that any sanction had been imposed."); Jenkins v. City of New York, 176 F.R.D. 127, 130 (S.D.N.Y. 1997) ("Because the Court and counsel have no means to find Plaintiff, the imposition of additional lesser sanctions would have no effect.") Accordingly, this factor also weighs in favor of dismissal.

III. Conclusion

For all of the foregoing reasons, defendants' motion to dismiss the complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is granted and the complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed: (1) to enter judgment in favor of defendants; (2) to close this case; and (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including (a) mailing a copy of this order to both plaintiff's address of record and his last known civilian address, 9 Donohue

Street, Glen Cove, New York 11542, pursuant to Rule 5(b)(2)(C) and (b) leaving a copy of this order with the Clerk of the Court pursuant to Rule 5(b)(2)(D).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of any appeal. See Coopedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: April 12, 2012
Central Islip, New York